WO                                                                                       JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel L. Breese, | No. CV 19-01026-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Correctional Health, et al., | |
| Defendants. | |

On February 13, 2019, Plaintiff Daniel L. Breese, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a June 11, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

After requesting and receiving an extension of time, on August 19, 2019, Plaintiff filed his First Amended Complaint. In a January 22, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On February 24, 2020, Plaintiff filed a Second Amended Complaint (Doc. 13). The Court will dismiss the Second Amended Complaint and this action.

I. **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

….

## II. Second Amended Complaint

In his four-count Second Amended Complaint, Plaintiff sues Maricopa County, Maricopa County Sheriff Paul Penzone, Medical Nurse Jane Doe, and Registered Nurse John Doe. Plaintiff asserts claims of denial of basic necessities and inadequate medical care. He seeks monetary, injunctive, and declaratory relief.

In **Count One**, Plaintiff alleges that on February 6, 2018, he signed a plea agreement in his criminal case in state court. The trial judge allowed Plaintiff to remain out of custody until he was sentenced on February 20, 2018, so that he could "take care of his medical issues," specifically, Parkinson's, chronic obstructive pulmonary disease (COPD), and degenerative disc disease. Plaintiff had a follow-up visit with his outside doctor, who had recently performed posterior lumbar decompression and L4-L5 fusions and instrumentation. After the surgery, Plaintiff was sentenced and taken into custody by Maricopa County Sheriff's Office deputies. He was transferred to the Lower Buckeye Jail, and when he arrived, he explained to "medical staff" at his initial take that he needed wound care and to have the bandages on his back changed. "Medical staff" stated that Plaintiff would have to submit a Health Needs Request (HNR) to see a provider before anything could be "done to his back," although Plaintiff had already given sheriff's deputies and Correctional Health Services medical staff his prescription list, post-operative instructions, and follow-up instructions for a CAT scan due to his COPD and "spots" on his lungs.

Plaintiff submitted four HNRs, asking to be seen by the provider so that his surgical wounds could be "taken care of as he medically needed." By the time he was seen, it was "to[o] late"—the damage was "already done," and the injury was "already c[au]sed."

Plaintiff alleges he was denied adequate medical treatment, which caused suffering, harm, and injury to his health. He asserts that Maricopa County medical staff failed to "take care of" his surgical wounds in a reasonable and timely fashion, according to the outside doctor's post-operative orders and instructions. Plaintiff claims "medical staff"—employees of the Maricopa County Jail that were "involved in this matter"—denied him timely, adequate medical treatment pursuant to an official policy or custom of Maricopa

County. Plaintiff alleges that because Maricopa County Jail medical staff "made these inadequate decisions [and] performances per their policies or customs," Plaintiff suffered bodily harm from a life-threatening infection that worsened each day. Plaintiff asserts that Maricopa County Jail medical staff and the County itself violated his Eighth and Fourteenth Amendment rights by failing to provide him with adequate medical treatment.

In **Count Two**, Plaintiff alleges that on February 23, 2018, Defendant Jane Doe denied Plaintiff adequate medical treatment. Plaintiff asserts that Defendant Doe told him that she could not "even look at" his surgical wounds until after he submitted an HNR to be seen by the provider, "per policy." Plaintiff claims that because Defendant Doe failed to "even look at" or care for his surgical wounds, Plaintiff sustained harm and injury to his "health [and] body."

In **Count Three**, Plaintiff alleges that he saw Defendant John Doe, who told Plaintiff that he could only talk to him about his COPD and check him for medication withdrawals. Plaintiff asserts Defendant John Doe gave Plaintiff a breathing treatment and "lift," per Maricopa County Jail policy. Plaintiff claims Defendant RN Doe provided him inadequate medical treatment with respect to post-operative care that he "needed and requested" for his surgical wounds. Plaintiff alleges that Defendant John Doe acted pursuant to an official policy or custom of the Maricopa County Jail, resulting in serious harm and injury to him.

In **Count Four**, Plaintiff alleges that Defendant Penzone, as Maricopa County Sheriff "for" Maricopa County and "respondeat superior over all its employees," is vicariously liable for the inadequate medical treatment Plaintiff received while in Maricopa County custody.

As his injury for all counts, Plaintiff alleges that he suffered irreparable injury and had to undergo surgery again for a serious infection.

### III.     Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey*

*v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### A. Maricopa County

A municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff alleges that he was harmed as the result of a Maricopa County policy, practice, or custom, but he does not identify the policy, allege that any specific Defendant acted pursuant to such a policy, or explain how that policy or custom caused his injury. As a result, he has failed to state a claim against Maricopa County, and this Defendant will be dismissed.

### B. Defendant Penzone

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to

*Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Penzone personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Defendant Penzone.

### C. Medical Care

The Ninth Circuit Court of Appeals has held that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). To state a medical care claim, a pretrial detainee must show

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, ___ U.S. ___, ___, 135 S. Ct. 2466, 2473 (2015); *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more

1  than negligence but less than subjective intent—something akin to reckless disregard." *Id.*
2  A mere delay in medical care, without more, is insufficient to state a claim against prison
3  officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766
4  F.2d 404, 407 (9th Cir. 1985).

Plaintiff's allegations are far too vague and conclusory to state a medical care claim against either Doe Defendant. Plaintiff claims Defendant Jane Doe refused to care for his surgical wounds until Plaintiff submitted an HNR to be seen by a provider. Plaintiff asserts that he submitted four HNRs, but he provides no detail about any of the HNRs, such as when or to whom he submitted them, the information he included in the HNRs, or the response, if any, to the HNRs. Furthermore, although Plaintiff refers to his surgical wounds, he does not describe the wounds or the care he needed but was not provided. Plaintiff's allegations do not support a conclusion that Defendant Jane Doe was aware of and disregarded a substantial risk of serious harm to Plaintiff's health.

Similarly, Plaintiff alleges that Defendant John Doe told Plaintiff he could only discuss Plaintiff's COPD and check him for medication withdrawals and did not treat his surgical wounds. Plaintiff does not provide any factual detail regarding his visit with Defendant John Doe, such as when the visit occurred, what information, if any, Plaintiff conveyed to John Doe regarding his surgical wounds, and how John Doe's failure to treat Plaintiff's surgical wounds put Plaintiff at substantial risk of serious harm. As presented, Plaintiff has not stated a medical care in the Second Amended Complaint. The Court will therefore dismiss Counts Two and Three and Defendants Jane Doe and John Doe.

**IV.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 13) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 8th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge