WO                                                                                                    JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel L. Breese, | No. CV 19-01026-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Correctional Health, et al., | |
| Defendants. | |

    Plaintiff Daniel L. Breese, who was then confined in the Arizona State Prison Complex-Yuma, brought this pro se civil rights proceeding pursuant to 42 U.S.C. § 1983. In an April 8, 2020 Order, the Court dismissed Plaintiff's Second Amended Complaint and the action for failure to state a claim. (Doc. 14.) The Clerk of Court entered Judgment the same day. (Doc. 15.)

    Plaintiff appealed the Court's decision, and on August 25, 2021, the Ninth Circuit Court of Appeals reversed and remanded the case. (Docs. 19, 25.) The Ninth Circuit's Mandate issued on September 16, 2021. (Doc. 26.)

    According to Arizona Department of Corrections records, Plaintiff was released from custody on February 5, 2021.[1] Plaintiff has not filed a Notice of Change of Address or otherwise informed the Court of his whereabouts.

    "A party, not the district court, bears the burden of keeping the court apprised of

---

[1] *See* https://corrections.az.gov/public-resources/inmate-datasearch (search by Inmate Number 325619 in Inactive Inmates) (last accessed Sept. 17, 2021).

any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to inform the Court of his current address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, although the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's address, however, certain alternatives are bound to be futile. *See Carey*, 856 F.2d at 1441 ("An order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.").

The Court finds that only one less drastic sanction is realistically available. Rule

1  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
2  merits "[u]nless the dismissal order states otherwise."  In this case, the Court finds that a
3  dismissal with prejudice would be unnecessarily harsh.  The Second Amended Complaint
4  and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
5  Federal Rules of Civil Procedure.
6      **IT IS ORDERED** that Plaintiff's Second Amended Complaint (Doc. 13) and this
7  action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of
8  Civil Procedure for failure to prosecute.  The Clerk of Court must enter judgment
9  accordingly.
10      Dated this 20th day of September, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge